UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SWISSMARINE PTE. LTD., § § **Plaintiff,** § § v. § § AES ANDES S.A. (f/k/a AES GENER S.A.) § § **Defendant.** § | | CIVIL ACTION NO. 24-cv-_____ ADMIRALTY RULE 9(h) |

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED COMPLAIN PRAYING FOR ISSUANCE OF WRIT OF ATTACHMENT AND GARNISHMENT PURSUANT TO ADMIRALTY RULE B**

Plaintiff SwissMarine Pte. Ltd. ("**Plaintiff**") submits this Memorandum of Law in support of its Verified Complaint seeking an order for maritime attachment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, against Defendant AES Andes S.A. (f/k/a AES Gener S.A.)'s ("**Defendant**") property found in the Southern District of New York and up to the amount of USD 965,805.03 (inclusive of the principal demurrage claim of USD 815,805.03 plus USD 150,000.00 for currently estimated attorneys' fees related to the arbitration), together with interest, costs and attorneys' fees. The garnishees would be banks in the District with which Defendant is believed to have accounts, namely Citibank N.A. New York Branch (the "**Garnishee**").

Plaintiff also requests that the order, pursuant to F.R.C.P. Rule 4(c)(3), Rule B(1)(d)(ii) of the Supplemental Rules for Admiralty or Maritime Claims, and the Local Admiralty Rules, appoint undersigned counsel or their designated agent to serve the Process of Maritime Attachment and Garnishment on the Garnishee (together with other possible garnishees) in addition to or in lieu of

1

the U.S. Marshal. The persons who would be instructed by undersigned counsel to serve such process are over 18 years of age and are not parties to this action.

## Argument

**1. All Supplemental Rule B Requirements have been met.**

Plaintiff respectfully submits that all requirements for issuance of an order of attachment pursuant to Supplemental Rule B are readily satisfied here. In that regard, Supplemental Rule B(1)(b) provides, in pertinent part, that "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." Supp. Rule B(1)(b). The relevant conditions of Rule B are, as best stated in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009) whether: "1) [the plaintiff] has a prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment."

First, Plaintiff has a *prima facie* admiralty claim against Defendant for damages resulting from Defendants' breach of the relevant contract of affreightment. Plaintiff's Verified Complaint establishes that it has not been paid pursuant to a contract concerning maritime commerce, namely for demurrage charges. Plaintiff's Verified Complaint is replete with detailed allegations addressing the merits of the claim itself, all of which are fully incorporated herein. That includes the fact that the underlying merits of the dispute are being resolved in a different forum, namely in arbitration between the parties. It is well-settled that a forum selection clause does not serve as a bar to a Rule B maritime attachment or garnishment. *See e.g., Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 305 (S.D.N.Y. 2007) (holding that a contractual forum

selection clause calling for litigation in English Courts did not prohibit the commencement of a Rule B action in U.S. courts.)

Second, Plaintiff has shown in the accompanying Declaration of Eva-Maria Mayer that Defendant cannot be found within this District for purposes of Supplemental Rule B. The standard for whether a defendant is "found" in the District for purposes of Rule B is if: "(i) [the defendant] is subject to personal jurisdiction in that district and (ii) service of process may be effectuated [on the defendant] with reasonable diligence within that district's geographical boundaries." *D'Amico Dry d.a.c. v. McInnis Cement Inc.*, 469 F. Supp. 185, 189 (S.D.N.Y. 2020) (emphasis added). Although the parties' arbitration is pending in New York regarding the underlying merits of the dispute, there is no indication that Defendant can be served with process within the District. Therefore, the Defendant cannot be "found" in New York.

Third, Plaintiff's Verified Complaint established that Defendant's property is or soon will be within this District by reason of its use of Citibank N.A. in New York to make recent payments to Plaintiff.

Fourth, as a factual matter, there is no statutory or maritime law bar to the attachment.

It should be noted that the four conditions above do not require the inclusion of a reason or basis why the Plaintiff seeks Supplemental Rule B security. However, recent news has raised concerns regarding Defendant's financial position. This information includes substantial losses by Defendant as reported by its parent company, and what the undersigned counsel understands to be a recent sale of substantial assets. *See Exhibits A* and *Exhibit B* to the Declaration of Eva-Maria Mayer Declaration, dated November 14, 2024.

Supplemental Rule B and Local Admiralty Rules do not require pre-attachment or pre-garnishment notice. Implicit in Supplemental Rule B is the acknowledgment that process of

3

maritime attachment or garnishment is issued *ex parte. See 1966 Supplemental Rule B, Notes of the Advisory Committee, Subdivision (2)* (stating no notice "is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant.").

For all the foregoing reasons, Plaintiff respectfully prays that the Court issue an Order directing the United States District Clerk for the Southern District of New York to issue a Writ of Maritime Attachment and Garnishment directing the United States Marshal, the undersigned counsel or their agent(s), and/or any otherwise rightfully appointed person(s) to attach any of Defendant's property, tangible or intangible, which is or soon will be within this District, and permitting the service of this Writ of Maritime Attachment and Garnishment upon all garnishee(s) to be determined.

Dated: November 14, 2024

Respectfully submitted,

By:_____/s/ Eva-Maria Mayer_____

Eva-Maria Mayer
Edward W. Floyd
Floyd Zadkovich (US) LLP
eva.mayer@floydzad.com
ed.floyd@floydzad.com
(617) 943 7957
(917) 999 6914
33 E 33rd Street, Suite 905
New York, New York 10016

*Attorneys for Plaintiff SwissMarine Pte. Ltd.*